UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

          Petitioner,          Case No. 1:12-cv-1376

v.          Honorable Robert J. Jonker

BONITA J. HOFFNER,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of jurisdiction.

## Factual Allegations

On December 8, 1987, at a hearing held in Kent County Juvenile Court, Petitioner Curtis Lewis Jones pleaded guilty to four counts of unlawfully driving away a motor vehicle ("UDAA"), Mich. Comp. Laws § 750.413, one count of attempted UDAA, and one count of receiving and concealing stolen property over $100, Mich. Comp. Laws § 750.535. (*See* Ex. C to Pet., 12/8/1987 Order of Disposition, docket #3-1, Page ID#68.) Petitioner was represented by counsel at the hearing. (*Id.*; Mem. of Law in Supp. of Pet., docket #3, Page ID#50.) The court ordered that Petitioner be placed in the custody of the Michigan Department of Social Services at a suitable facility. Petitioner was later placed at Glen Mills Schools in Pennsylvania.

On January 6, 1988, the Kent County Department of Social Services filed a "Petition for Rehearing/Review," asserting that Petitioner ran away from Glen Mills using a staff member's car and that as a result, the school had terminated Petitioner from its program. (*See* Ex. E to Pet., docket #3-1, Page ID#72.) On January 28, 1988, at another hearing in Kent County Juvenile Court, the court accepted Petitioner's plea to the facts in the state's petition and ordered that Petitioner be committed to the custody of the Michigan Department of Social Services "for the offense of Placement Failure/Runaway," and for the six offenses "as adjudicated on December 8, 1987." (1/28/1988 Order of Disposition, docket #3-1, Page ID#73.) Petitioner claims that at the second hearing, he was not provided counsel, or informed of his right to counsel or his right to an appeal.

In 1991, Petitioner was convicted of six offenses in four separate criminal proceedings in Kent County Circuit Court: second-degree murder, Mich. Comp. Laws § 750.317 two counts of felony-firearm, Mich. Comp. Laws § 750.227b; attempted delivery/manufacture of a controlled substance, Mich. Comp. Laws § 333.7401(2)(a)(iv); assault with a dangerous weapon,

Mich. Comp. Laws § 740.82; and breaking and entering a building, Mich. Comp. Laws § 750.110. According to his MDOC record, the sentences for the latter two convictions, and for one of the felony-firearm convictions, have expired.[1] Petitioner's longest active sentence is a paroleable life sentence for the murder conviction.

Petitioner filed the instant action in December 2012. He contends that his juvenile convictions in 1988 are invalid because he pleaded guilty to them without the assistance of counsel and without being informed of his right to counsel or his right to appeal. He further contends that these invalid convictions extend the term of his present confinement because they are being used by the parole board to deny him parole. Petitioner asserts that he became aware of the issue in June 2012:

> . . . when his Prison Unit Counsel provided him a Memo stating that the Michigan Dep't of Corrections Parole Board denied him Parole after taking into consideration his Prior Adult/Juvenile Adjudication listed in his Pre-Sentence Investigation Report produced by the MDOC Probation officer. (See Exhibit F---Memo).

(Pet., docket #1, Page ID#19.) The "Memo" to which Petitioner refers is a "Notice of Intent to Conduct a Parole Board Interview For Prisoners Serving a Life Sentence" signed by Petitioner on January 5, 2011. (Ex. F to Pet., docket #3-1, Page ID#76.) It indicates that Petitioner is due for a "lifer interview" on January 31, 2011, and states the parole board's policy that it will consider, among other things, Petitioner's "[p]rior crimes (adult and/or juvenile)" in its parole determination. (*Id.*)

---

[1] Petitioner's convictions have been obtained from his profile on the Michigan Department of Corrections Offender Tracking Information System, at: http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=221006.

**Discussion**

Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a § 2254 habeas petition be filed when a person is "in custody" for that conviction "in violation of the Constitution or laws or treaties of the United States." *Id.* The "in custody" requirement is a jurisdictional one; if a petitioner is not "in custody" at the time that the petition is filed, the Court lacks jurisdiction to consider it. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

At the same time, however, the Supreme Court has held that an attack on a prior, expired conviction "can be read" as asserting a challenge to the sentence for which the petitioner is in custody, "as enhanced by the allegedly invalid prior conviction." *Id.* at 493. However, in *Maleng* the Court declined to express the extent to which a petitioner could question the legality of a prior, expired sentence in that fashion. *See id.* at 494.

In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court squarely decided the question left open in *Maleng*. *See Lackawanna*, 532 U.S. at 403-04. The Court held that "once a [prior] state conviction is no longer open to direct or collateral attack in its own right . . . the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* However, there is an exception to the foregoing rule "for petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v.*

*Wainwright*, 372 U.S. 335 (1963)." *Lackawanna*, 532 U.S. at 404. In the latter circumstance, habeas relief with regard to the enhanced sentence may be appropriate. *Id.*

In the present case, the sentence arising from Petitioner's 1988 juvenile convictions has expired. Nevertheless, Petitioner apparently contends that his 1988 convictions are open to attack because they enhance his current sentence insofar as they are used by the parole board as a basis for denying him parole. In *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 (E.D. Mich. 2004), a court faced with a similar type of claim held that it had jurisdiction under the *Lackawanna* exception. *Id.* at 828.

Notwithstanding the decision in *Ward*, it is not at all clear that the *Lackawanna* exception, which allows a petitioner to attack his judgment of sentence, applies to parole determinations. A denial of parole does not alter Petitioner's underlying sentence; it merely requires him to continue serving it. While Petitioner's life sentence allows for the possibility of parole, it does not require it. Moreover, under Michigan's parole scheme, Petitioner has no reasonable expectation of parole. In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).

In any event, assuming that the *Lackawanna* exception applies in the parole denial context, it clearly does not apply to all of the convictions identified by Petitioner. Petitioner asserts

that his four UDAA convictions, his conviction for attempted UDAA, and his conviction for receiving and concealing stolen property are invalid because he was not represented by counsel at the January 1988 hearing. However, he pleaded guilty to the foregoing convictions at the hearing in December 1987, and he acknowledges that he was represented by counsel at that hearing. The state court mentioned the foregoing convictions in its January 1988 order only in the context of referring to what it had already adjudicated at the December hearing. (*See* 1/28/1988 Order of Disposition, docket #3-1, Page ID#73.) Thus, the foregoing convictions were not, as Petitioner contends, imposed in violation of his right to counsel. Consequently, the *Lackawanna* exception does not apply and the Court lacks jurisdiction to consider his challenge to them.

The only offense for which Petitioner was actually convicted in 1988, and the only one that might fall under the *Lackawanna* exception, is the one for "placement failure/runaway," which was based on allegations that Petitioner left Glen Mills Schools using a staff member's car. (*See* 1/28/1988 Order of Disposition, docket #3-1, Page ID#73.) In *Lackawanna*, the Supreme Court noted that "to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." 532 U.S. at 406. In that case, however, the Supreme Court held that a petitioner did not qualify for relief because the challenged prior convictions were "such a minor component" of his "extensive and violent criminal record as a whole," that the sentencing court would have imposed the same sentence even without the challenged convictions in the record. *Id.* at 407 (citations and internal quotation marks omitted).

Similarly, in Petitioner's case, there is no evidence that his conviction for "placement failure/runaway" adversely affected a decision by the parole board. He merely asserts that his 1988 conviction was considered by the board as part of his entire record. Considering Petitioner's

extensive and violent criminal record, however, it is exceedingly unlikely that one juvenile conviction for running away from state custody would have had any meaningful impact on the parole board's decision. Therefore, the Court concludes that the *Lackawanna* exception is not available to Petitioner, and as such, the petition must be dismissed for lack of jurisdiction.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims for lack of jurisdiction was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: March 5, 2013           /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE